UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16 CR 84 SNLJ (ACL) ) |
| REBECCA SUE BRUGGER, | ) ) |
| Defendant. | ) |

## ORDER OF DETENTION PENDING TRIAL

On September 22, 2016, Special Assistant U.S. Attorney Timothy J. Willis appeared on behalf of the United States and Defendant Rebecca Sue Brugger, also appeared in person with her attorney, Shanna Surratt, for an arraignment and detention hearing. The Defendant waived arraignment and entered a plea of not guilty to the Indictment.

The Defendant is charged with one count of possession of a substance containing a detectable amount of methamphetamine with the intent to distribute. The Defendant now faces a maximum term of imprisonment of not more than twenty years.

On the Government's Motion, the Court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The parties agreed that the Pretrial Services Report (Doc. 13) should be considered by the Court with a minor correction related to the fact a job at Maid for You is still available to the Defendant in the event she is released on bond.

There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the Defendant's appearance at court proceedings and the safety of the community, because there is probable cause to believe the Defendant committed a drug crime under

the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the Defendant could be required to serve ten or more years in prison.  The Defendant has not rebutted the presumption.

Based on the evidence presented and information of record, the Court finds by a preponderance of the evidence that the Defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that her release would pose a risk of harm to the public.

The Defendant is 36 years old.  She has lived in southeast Missouri most of her life.  If released on bond, she advised she would live in the residence of her girl-friend's friend who is named Diane; the Defendant does not know Diane's last name.  The Defendant's girl-friend was recently convicted of Hindering Prosecution for trying to hide the Defendant out in the bathroom of the last residence that they shared when the police were attempting to execute a warrant for the Defendant's arrest.  The Defendant has a daughter and recently lost custody; she is behind in her child support obligation in an unknown amount.

The Defendant appeared to be in good physical health at the time of the detention hearing.  She reportedly has arthritis and scar tissue as the result of childhood surgeries.  She was also treated for a MRSA infection in 2015. Other than being diagnosed with Attention Deficit Hyperactivity Disorder around 2009 for which she has not been taking the prescribed medication for the past year, the Defendant does not have any past or current mental health history.

In regard to substance abuse, the Defendant admitted she started abusing methamphetamine in August of 2015 following her mother's death.  The Defendant described her methamphetamine use as daily and she last used methamphetamine five days before the detention hearing.  She has not received substance abuse treatment, but is anxious to participate in treatment so that she can resume visitation with her daughter.

The Defendant completed high school and the Southeast Missouri State University Police Academy. She worked as a police officer for approximately two years before quitting. She last worked for an auto sales business in 2014 as an office manager.

The instant indictment involved a single charge of possession with intent to distribute methamphetamine on April 19, 2016, although the Defendant has admittedly sold more than one pound of methamphetamine over the past year. The Defendant also traded and possessed firearms in connection with her methamphetamine trafficking. While the Defendant apparently started selling drugs to support her own drug addiction, her drug trafficking activities escalated to the point she was receiving up to an ounce of methamphetamine at a time from one of two suppliers.

The Defendant has no prior conviction record. Prior to the return of the instant Indictment, the Defendant was on bond for related State charges. She was released on bond less than five months ago and during that time-frame four bond violation reports have been filed and she failed to appear for court appearances on three separate occasions. Her poor compliance with State bond conditions demonstrates she is not able to follow release conditions.

The Court finds that credible testimony and information submitted to the Court, as well as the five reasons cited by the Pretrial Services Officer (Doc. 13 at 4) in the section entitled "Assessment of Nonappearance," establishes by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the Defendant's appearance.

Furthermore, the Court finds that the Defendant's addiction to methamphetamine, history of possessing firearms while involved in drug trafficking, and connection to a drug trafficking organization responsible for trafficking pounds of methamphetamine, provides clear and convincing evidence that the Defendant's release would pose a risk of harm to the public.

Finally, conditions which restrict the Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the Defendant is released.

### Directions Regarding Detention

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States Marshal for the purpose of appearances in Court in connection with future proceedings scheduled in this case.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of September, 2016.